UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY TUTTLE,

       Plaintiff,                      Case No. 2:06-cv-581
                                              JUDGE GREGORY L. FROST
   v.                                  Magistrate Judge Mark R. Abel

TYCO ELECTRONICS INSTALLATION
SERVICES, INC., et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Tyco's Motion to Compel Discovery and for Sanctions (Doc. # 40), Defendant's Memorandum in Support of Motion to Compel and for Sanctions (Doc. # 43), Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel and for Sanctions (Doc. # 53), and Defendant's Reply in Support of Motion to Compel Discovery and for Sanctions (Doc. # 69).  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the motion to compel discovery and for sanctions.

**I.  Background**

Plaintiff alleges that he was terminated because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and under Ohio's analogous statute, Ohio Rev. Code §§ 4112.14 and 4112.99.

On November 17, 2006, Defendant served discovery requests on Plaintiff.  (Doc. # 43-2.) Defendant requested, *inter alia*, any affidavits, declarations, or statements obtained from nonparty witnesses.  *Id.*  Plaintiff failed to produce and documents or affidavits pursuant to this

request.

Defense counsel sent correspondence on August 17, 2007 requesting any and all affidavits or declarations and any drafts of affidavits or declarations pursuant to the previous discovery request of Defendants.  (Doc. # 43-5.)  Plaintiff's counsel responded on that same day indicating that any affidavits were being withheld as work product.  *Id.*  However, Plaintiff had not, nor did it then, produce a privilege log.  Plaintiff did not produce a privilege log until it responded to Defendant's Motion for Summary Judgment.  (Doc. # 53-5.)  The privilege log reflects that Plaintiff withheld the affidavit of Thomas Gavel and Craig Zellner.

In its motion to compel, Defendant requests that the Court order Plaintiff to produce: (1) all documents (including electronic) reflecting communications between Gavel and Zellner and attorneys for Plaintiff; (2) any prior, subsequent, or final versions of the previously mentioned affidavits, (3) any other related written communications, including those in electronic format to or from any non-party in the matter.  (Doc. # 69.)  In addition, Defendant further requests that Plaintiff be precluded from relying upon either Gavel's or Zellner's affidavit or from calling Gravel or Zellner as witnesses at trial.

## II.  Motion to Compel Discovery and for Sanctions

### A.  Standard

Rule 37 of the Federal Rules of Civil Procedure allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper response to requests for production of documents under Rule 34.  Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

**B. Work product**

Defendant argues that the work product doctrine does not apply to affidavits, and therefore, Gavel's and Zellner's affidavits were discoverable. Defendant's argument is well taken.

Rule 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. [T]he court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. Pro. 26(b)(3).

As Rule 26(b)(3) states, only an attorney's "mental impressions, conclusions, opinions, or legal theories" are protected by the work product doctrine – the doctrine does not protect "underlying facts from disclosure." *Infosystems Inc., v. Ceridian Corp.*, 197 F.R.D. 303, 304 (E.D. Mich. 2000) (citing *Suggs v. Whitaker*, 152 F.R.D. 501 (M.D. N.C. 1993)). Affidavits are normally not protected by the work product doctrine for the very reason that an affidavit "purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel." *Id.* at 306. Further, Defendants should not be frustrated in their ability to test the perception and credibility of these affiants. *See Milwaukee Concrete Studios v. Greeley Ornamental Concrete Products*, 140 F.R.D. 373, 379 (E.D. Wis. 1991).

Therefore, the work product doctrine, as asserted in this matter, cannot justify the

withholding of the affidavits of Gavel and Zellner.

However, the work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit. *See Infosystem*, 197 F.R.D. at 307, n.4; *United States v. University Hospital*, 2007 U.S. Dist. Lexis 41189 (S.D. Ohio 2007) (the court is "not aware of any case in which a court has permitted opposing counsel to question a witness about any role that counsel may have had in the evolution of an affidavit, about any communications with counsel relating to an affidavit, or about prior undisclosed drafts of an affidavit). As such, Plaintiff was required to produce only the final versions of the affidavits of Gavel and Zellner.

### C. Sanctions

Defendants request that Plaintiff be prohibited from using Gavel's and Zellner's affidavits to support their opposition memoranda to Defendants' motions for summary judgment and that they should be prohibited from testifying at trial. The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961), and to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002).

The affidavits of Gavel and Zellner, as established above, are not within the protections of the work product doctrine. Moreover, and particularly troubling, Plaintiff failed to produce a timely privilege log to explain his withholding of these relevant documents. Consequently, as a sanction this Court will not consider the affidavits of Thomas Gavel and Craig Zellner. However, these individuals shall not be precluded from testifying at trial.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Compel Discovery and for Sanctions (Doc. # 40). Specifically, the Court **GRANTS** Defendant's request in that it will not consider Gavel's or Zellner's affidavits and **DENIES** the remaining aspects of Defendant's motion.

**IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**