UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY W. TUTTLE,**

      **Plaintiff,**        Case No. 2:06-cv-581
                                         **JUDGE GREGORY L. FROST**
      v.                        **Magistrate Judge Mark R. Abel**

**TYCO ELECTRONICS INSTALLATION
SERVICES, INC., et al.,**

      **Defendants.**

**OPINION AND ORDER**

Plaintiff Jerry W. Tuttle ("Plaintiff") filed his Second Amended Complaint on July 20, 2007 seeking money damages from, and injunctive relief against, his former employer, Defendant Tyco Electronics Installation Services, Inc. ("Defendant" or "Tyco") and his former superiors, Defendant Robert Baurhyte ("Baurhyte") and Defendant Aaron Davis ("Davis"). (Doc. # 36.) Plaintiff's Second Amended Complaint asserts claims against Tyco, Baurhyte and Davis for unlawful age discrimination in violation of federal and Ohio law. A jury trial in this action is scheduled to commence on March 3, 2008.

This matter is before the Court on Defendants' Motion *in Limine* (Doc. # 84) and on Plaintiff's Motion *in Limine* (Doc. # 81). For the reasons that follow, the Court **DENIES** Plaintiff's Motion *in Limine* and **DENIES IN PART AND DENIES AS MOOT IN PART** Defendants' Motion *in Limine*.

### I. STANDARD FOR MOTION IN LIMINE

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States

Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388.

## II.  ANALYSIS

### A.  Plaintiff's Motion *in Limine*

During discovery in this case, Tyco produced to Plaintiff a document entitled "Memorandum for Record." Baurhyte testified that he prepared the Memorandum for Record to describe the reasons why he was planning to terminate Plaintiff's employment. (Baurhyte Deposition[1] at 37-42.) Plaintiff requests an order prohibiting admission of the Memorandum based on hearsay and on lack of any exception to the hearsay rule.

### 1.  Hearsay

---

[1]The Deposition of Robert Baurhyte is filed at Docket # 63.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Under Fed. R. Evid. 802, hearsay evidence is inadmissible. Plaintiff argues that because Defendant proffered the Memorandum for Record to establish the truth of the information therein, *i.e.*, that Plaintiff was terminated for reasons other than his age, it is inadmissible hearsay. Defendants, however, contend that the Memorandum is evidence of Baurhyte's state of mind at the time he recommended Plaintiff's termination, and is therefore, not inadmissible hearsay. This Court agrees.

Defendants submit this document to show that they had a legitimate basis for believing Plaintiff's performance warranted termination. The jury need not determine that Baurhyte was correct in his assessment of Plaintiff's performance; it need only determine that Defendants' asserted reason for the discharge is not a mere pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); *Pesterfield v. Tennessee Valley Authority*, 941 F.2d 437, 442 (6th Cir. 1991). *See also Jones v. Los Angeles Cmty. Coll. Dist.*, 702 F.2d 203, 205 (9th Cir. 1983) (unsatisfactory service notices introduced by employer in employment discrimination case were not hearsay because offered to show proper motive for termination); *Moore v. Sears, Roebuck & Co.*, 683 F.2d 1321, 1322 (11th Cir. 1982) (internal corporate memoranda prepared by employee's supervisors were not hearsay in age discrimination case when offered not to prove employee's poor performance, but to prove that employer thought his performance was poor).

Accordingly, Plaintiff has failed to show that the Memorandum for Record is clearly inadmissible. Therefore, the Court **DENIES** Plaintiff's request to exclude the Memorandum for

Record as hearsay. The Court will, however, entertain a limiting instruction related to the Memorandum for Record if Plaintiff submits one with his proposed jury instructions.

**2. Business Records Exception to Hearsay**

Even if the Memorandum for Record were considered hearsay, it would still be admissible under an exception to the general prohibition against the use of hearsay evidence if a proper foundation is laid. *See, generally*, Fed. R. Evid. 803 ("Hearsay exceptions are provided in the evidentiary rules for certain situations when it is believed that the out-of-court statement has sufficient indicia of reliability such that the protection provided by the hearsay rule is unnecessary."). Fed. R. Evid. 803(6) provides an exception to the hearsay rule for:

> A memorandum . . . of acts [or] events . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, . . . all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The proponent of an alleged business record must lay a foundation for its admissibility through the testimony of a qualified witness. In this Circuit, this involves showing that (1) the record was made in the course of a regularly conducted business activity; (2) the record was kept in the regular course of that business; (3) the regular practice of that business was to have made the record; and (4) the record was made by a person with knowledge of the transaction or from information transmitted by a person with knowledge. *United States v. Fawaz*, 881 F.2d 259, 266 (6th Cir. 1989) (citing *Redken Lab. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988)).

In the Sixth Circuit, "the standard for knowledge required of a foundation witness is very liberal . . . 'all that is required is that the witness be familiar with the record keeping system.' " *United States v. Selby*, Nos. 93-1424, 93-1451, 93-1455, 1994 U.S. App. LEXIS 21293, *26-27

(6th Cir. Aug. 8, 1994) (quoting *United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir. 1986)). A witness does not need to have personal knowledge of the record in order to lay a proper foundation for its admissibility. *United States v. Skeddle*, 981 F. Supp. 1069, 1072 (N.D. Ohio 1997) (citing *United States v. Sachs*, 801 F.2d 839, 843 (6th Cir. 1986)). Rather, the witness's lack of personal knowledge goes to the credibility that should be accorded that witness's testimony. *Id.* (citing *Sachs*, 801 F.2d at 843).

Accordingly, if Defendants wish this record to be admitted under the business records exception to the hearsay rule, they may ask to do so at trial once they have laid a proper foundation.

**B. Defendants' Motion *in Limine***

**1. Baurhyte's remarks about the age of Plaintiff and other employees**

Defendants request an order prohibiting Plaintiff from introducing evidence of "stray remarks" made by Baurhyte about Plaintiff's age and the age of other Tyco employees. This request is not well taken.

The remarks to which Defendants refer simply cannot be classified as "stray" remarks. Indeed, as this Court noted in its Opinion and Order denying summary judgment in this action, "Plaintiff has offered literally dozens of statements from the decision-makers, Baurhyte and Davis, from which one may infer that Plaintiff's termination 'was motivated at least in part by prejudice against members of the protected group.' *See* [*Johnson v.*] *Kroger Co.*, 319 F.3d [858,] 865 [(6th Cir. 2003).]" (Doc. # 76 at 16.)

Accordingly, Defendants have failed to show that the evidence is clearly inadmissible. Therefore, the Court **DENIES** Defendants' request to exclude Baurhyte's comments about age.

5

### 2. "Memorandum for Record"

Defendants request an order preventing Plaintiff from making any reference to Baurhyte's memorandum of April 11, 2006 allegedly being created after April 11, 2006.  In its Opinion and Order denying summary judgment in this action, this Court opined that there was no evidence before it showing that the Memorandum's metadata had been manipulated and that Plaintiff's interpretation of that data was inaccurate.  Based on this, Defendants now believe that it is inappropriate to solicit testimony related to the possible manipulation of the metadata.  This Court disagrees.

Simply because there was no evidence before the Court on summary judgment that indicated the metadata was not accurate does not mean that there is no such evidence.  And, if such evidence exists, it would certainly be relevant.  *See* Fed. R. Evid. 401.  Thus, Defendants have failed to show that this evidence is clearly inadmissible.  Accordingly, the Court **DENIES** Defendants' request for an order preventing Plaintiff from making any reference to Baurhyte's Memorandum being created after April 11, 2006.

### 3. Plaintiff's alleged damages

Defendants request an order precluding Plaintiff from making any reference to his alleged "damages due to [P]laintiff's failure to provide adequate calculations and documentation of his damages during discovery."  Defendants argue that, although "Rule 26(a) requires a party - in addition to providing a calculation of damages - to make 'available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based,' " Plaintiff failed to provide any calculation.  (Doc. # 85 at 7.)  Instead,

Plaintiff provided only a total amount of his lost wages, his lost 401(k) contributions, his replacement health insurance costs, and his attorney's fees and costs.  Defendants contend that because Plaintiff failed to disclose the actual calculations for these damages, Rule 37(c)(1) requires exclusion of this evidence at trial, unless such failure was harmless, and in this instance, the failure was not harmless.  Defendants' request is not well taken.

The Court concludes that Plaintiff's failure to set forth the actual calculations for his damages was harmless.  Indeed, Defendants actually provided most of the information on which the damages are based, *i.e.*, the amount of Plaintiff's back pay and his lost benefits.  This situation is easily distinguished from the cases upon which Defendants rely where the calculations were required to be made from documents with which the party had little prior experience.  *See e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (financial statements about "a project of a type with which the plaintiff had little-to-no prior experience").

Accordingly, Defendants have failed to show that the evidence is clearly inadmissible.  Thus, the Court **DENIES** Defendants' request for an order preventing Plaintiff from making any reference to Plaintiff's alleged damages.

**4.  Emotional distress damages**

Defendants request an order preventing Plaintiff from making any reference to damages for emotional distress.  Defendants argue that, during Plaintiff's deposition, he testified that he did not intend to pursue damages for emotional distress in this action.[2]  Plaintiff, however, completed a timely errata sheet that indicated that Plaintiff was confused by the questions from

---

[2]The Court notes that it has also considered Defendants' supplemental memorandum on this issue.  (Doc. # 94.)

defense counsel and has always intended to pursue emotional damages.

>A sister district court has addressed this issue explaining:
>
>Rule 30(e) [of the Federal Rules of Civil Procedure] governs changes to deposition transcripts. . . . Rule 30(e) is not necessarily limited only to corrections of errors made in transcribing the deponent's testimony. *Compare Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) (disallowing any changes to depositions other than transcription errors) with *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.*, 171 F.R.D. 203, 205 (W.D. Tex. 1997) (rejecting defendants' argument that Rule 30(e) only allows "the correction of stenographer/court reporter typographical errors," calling "such a reading of the rule … too narrow"). On the other hand, Rule 30(e) does not "allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all [*sic*] then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Greenway*, 144 F.R.D. at 325.

*Porter v. Hamilton Beach/Proctor-Silex, Inc.*, Case No. 01-2970-MaV, 2003 U.S. Dist. LEXIS 14089, at *8-9 (W.D. Tenn. July 28, 2003).

In this case, the errata sheet provided by Plaintiff alters what he said under oath about emotional damages. Indeed, defense counsel asked the question in several different ways and, Plaintiff's counsel was given the opportunity to rehabilitate Plaintiff and he still testified that he did not intend to pursue emotional damages. However, Defendants' request to exclude evidence of emotional damages is more a motion for judgment on the pleadings or for summary judgment on the issue of emotional damages than it is a motion *in limine*. The time for filing such dispositive motions has long closed and Defendants cannot evade this Court's deadlines simply by captioning its dispositive motion in a creative manner. *See Mavrinac v. Emergency Med. Ass'n of Pittsburgh,* No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007) ("Motions *in limine* are inappropriate vehicles to seek a final determination with respect to a substantive cause of action, and should not be used as a substitute for a motion for summary judgment."); *Natural*

*Res. Def. Council v. Rodgers*, No. CIV-S-88-1658, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions *in limine* address evidentiary questions and are inappropriate devices for resolving substantive issues." (also collecting authority supporting proposition)); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, No. 90 C 6933, 1996 WL 284940, at *4 (N.D. Ill. May 23, 1996) ("A motion *in limine* is not a substitute for a motion for summary judgment.").

Thus, this Court **DENIES** Defendants' request for an order preventing Plaintiff from making any reference to Plaintiff's alleged emotional damages, and instead **STRIKES** the portion of the errata sheet which pertains to emotional damages.  The Sixth Circuit has instructed that, in cases of shaky evidence, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" such evidence, not exclusion.  *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996) (citation and quotation marks omitted).

### 5. Expert testimony

Defendants request an order precluding Plaintiff from offering the testimony of any expert witness; however, Plaintiff responds that he does not intend to call any expert witness.  Consequently, the Court **DENIES as MOOT** Defendants' request.

### 6. Other Tyco employees

Defendants request an order prohibiting Plaintiff from calling as witnesses at trial other Tyco employees who believe that they were subjected to age discrimination.  Defendants argue that this type of "me too" evidence should be excluded under Fed. R. Evid. 401 and 403.

The Court concludes that this evidence is relevant, and therefore admissible under Rule 401.  In a case that is factually similar to the one *sub judice* the Sixth Circuit explained:

9

> This case is unlike our decision in *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152 (6th Cir. 1988), where this court did find as irrelevant, evidence of discriminatory comments by certain managers of the defendant-employer. In *Schrand*, an age discrimination case, this court found that the district court had erred in admitting testimony by two employees of a national corporation, that certain managers had informed them that they were being terminated because they were too old. The court found that these statements were not relevant because the manager who made the decision to terminate the plaintiff-employee in the case was not involved in the decision to terminate either of the two witnesses, since neither of the witnesses even worked in the same region as the plaintiff-employee. *Id.* at 156. In finding that there was no evidence to logically or reasonably tie the decision to terminate the plaintiff-employee to the alleged statements of the witnesses, this court noted that "the fact that two employees of a national concern, working in places far from the plaintiff's place of employment, under different supervisors, were allegedly told they were being terminated because they were too old, is simply not relevant. . . . " *Id.* In the present case to the contrary, the racist application was circulated in the CBMC, directly where Robinson worked, and known to at least one of the managers directly involved in her termination.

*Robinson v. Runyon*, 149 F.3d 507, 514 (6th Cir. 1998). In this action the managers who made the comments were actually the decision makers. Consequently, the other employees' testimony is certainly relevant.

The question then becomes whether the testimony should be excluded under 403. Fed. R. Evid. 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is the "undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Doe*, 103 F.3d at 515 (citation and quotations omitted).

Here, the Court is guided by *Sherman v. Chrysler Corp.*, 47 Fed. Appx. 716 (6th Cir. 2002), wherein the appellate court concluded that the district court abused its discretion by excluding the evidence of the other alleged incidents of age discrimination under Rule 403:

10

> We find that the district court abused its discretion when it determined that jury confusion and wasted time would result from the introduction of evidence relating to alleged discrimination that was not central to the incidents tried to the jury. There was little potential for jury confusion and the evidence of other incidents of discrimination had probative value on the question of whether Chrysler discriminated against Sherman when it denied him promotions to those positions.

Accordingly, Defendants have failed to show that the evidence is clearly inadmissible. Therefore, the Court **DENIES** Defendants' request for an order preventing Plaintiff from calling "me too" witnesses.

### 7. Adequacy of Plaintiff's performance

Defendants request an order precluding Plaintiff from introducing through the testimony of any friends, customers, non-supervisor employees or former employees any opinions regarding the adequacy of Plaintiff's job performance. Defendants argue that, allowing Plaintiff's witnesses to testify regarding Plaintiff's performance would be of no assistance to the fact finder in determining whether Tyco honestly believed that its employment decision was based on performance related considerations. This Court agrees. However, whether Defendants' purported reason for terminating Plaintiff were a pretext for discrimination is not the only issue that will be placed before the jury.

The jury will first be required to decide whether Plaintiff has set forth a *prima facie* case of discrimination by showing that he was qualified for the position from which he was terminated. (*See* Doc. # 76 at 15: "the Court concludes that Plaintiff has raised a material issue of fact as to whether he is qualified to perform Level IV Installation work.") Consequently, evidence of Plaintiff's job performance is relevant and admissible.

Accordingly, the Court **DENIES** Defendants' request to preclude testimony regarding Plaintiff's past job performance.

### 8. Discriminatory events not previously disclosed

Defendant requests an order preventing Plaintiff from introducing the testimony of any witness or through any documentary evidence incidents of allegedly discriminatory treatment that have not been previously identified by Plaintiff in his deposition:

> Plaintiff was deposed for one full day. Throughout his deposition, defendants' counsel asked plaintiff if he had testified as to everything that led him to believe that he was discriminated against because of his age. Plaintiff will likely attempt to raise new incidents of alleged discriminatory treatment that plaintiff has not previously identified . . . .

(Doc. # 85 at 12.)

Defendants have failed to show that the evidence is clearly inadmissible and this Court **DENIES** Defendants' request to exclude any information about which Plaintiff did not testify on deposition. Much discovery was exchanged after Plaintiff's deposition and before discovery cut-off that is clearly admissible. Again, the Sixth Circuit has expressly noted that in cases of shaky evidence, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" such evidence, not exclusion. *Doe*, 103 F.3d at 515 (citation and quotation marks omitted).

### 9. Punitive damage evidence

Defendants request an order prohibiting Plaintiff introducing evidence related to punitive damages or to the size, net worth, or financial status of Baurhyte, Davis or Tyco until such time as Plaintiff proves a *prima facie* case for punitive damages. Bifurcation of this trial lies within the sound discretion of the Court and turns on whether bifurcation would promote convenience and economy or avoid prejudice. *Willits v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916, at *10 (unpublished table decision) (discussing Fed. R. Civ. P. 42(b)).

The purported basis for the bifurcation request here is that Plaintiff faces a "formidable burden" in proving he is entitled to punitive damages. This assertion, however, is of no moment in a bifurcation analysis. Further, this Court finds no convenience or economy to bifurcation nor does it find any particular prejudice to Defendants in denying bifurcation.

Accordingly, the Court **DENIES** Defendants' request to bifurcate this action.

### 10. Plaintiff's financial condition

Defendants request an order preventing Plaintiff from introducing any evidence related to his financial condition that is not directly related to his alleged entitlement to back pay, claiming that the information is prejudicial. This Court disagrees.

Fed. R. Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See Doe*, 103 F.3d at 515. "Unfair prejudice" means the undue tendency to suggest a decision based on improper considerations; it "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). This Court finds no unfair prejudice in allowing testimony related to the consequences of Plaintiff's termination.

Accordingly, Defendants have failed to show that the evidence is clearly inadmissible. Therefore, the Court **DENIES** Defendants' request to exclude evidence related to his financial condition.

### 11. Defense counsel

Defendants request an order precluding Plaintiff from mentioning in any way that

13

Defendants' counsel belong to a large firm, or that they are not local attorneys.  Plaintiff responds that he does not intend to make any such comments.  Consequently, the Court **DENIES as MOOT** Defendants' request.

**12.  Instruction to witnesses from Plaintiff and Plaintiff's counsel**

Defendants request an order requiring Plaintiff and his counsel to instruct any witness they may call at trial not to testify or mention in any way the excluded evidence enumerated in paragraphs 1 through 11 above.  Although the Court has no reason to believe that Plaintiff's counsel would fail to take this action without an order, the Court **ORDERS** Plaintiff and his counsel to so instruct their witnesses.

### III.  CONCLUSION

The Court **DENIES** Plaintiff's Motion *in Limine* (Doc. # 81) and **DENIES IN PART AND DENIES AS MOOT IN PART** Defendants' Motion *in Limine* (Doc. # 84).  Further, this Court schedules a **DEPOSITION OBJECTION HEARING** with the parties on **February 26, 2008 at 5:30 p.m.**

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**